## RECKAWAY v. SUPER-COLD SOUTH-WEST CO.

### No. 14094.

Court of Civil Appeals of Texas. Dallas.

Sept. 30, 1949.

. Rehearing Denied Oct. 28, 1949.

Jos. Irion Worsham, of Dallas, Masterson & Pope and Fred L. Williams, Jr., all of Angleton, for appellant.

Curtis White and Dee Brown Walker, both of Dallas, for appellee.

YOUNG, Justice.

This is a case of venue, following suit by Super-Cold Southwest Company against appellant in Dallas County on a promissory note in principal sum of $6,238 and conditional sale contract with mortgage; for recovery of title and possession of a Warren Display meat case and balance of purchase price of a Super-Cold case and other equipment. Reckaway filed plea of privilege to be sued in Brazoria County which was duly controverted on ground that the written note and contract were performable by appellant in Dallas County, and claiming venue under subd. 5, Art. 1995, Vernon's Ann.Civ.St., in the county where suit was brought. Upon hearing to the court and conclusion of testimony, the plea was overruled with result of this appeal.

In its petition for debt and foreclosure (made part of controverting affidavit) ap-

pellee alleged execution by Reckaway of a written contract of sale whereby the described merchandise was purchased for a total consideration of $6,588 and conveyance by purchaser to appellee of a ten-foot Warren Meat Display case through bill of sale (which was signed and delivered); balance of consideration payable, viz.: $100 cash, which was paid with the order, $250 to be paid on arrival of equipment, and balance evidenced by execution of the note in suit, payable in Dallas County at $255 per month beginning thirty days after installation of equipment. Appellee pled that although it was ready and able to perform the contract, tendering all equipment sold, that appellant had refused to surrender the Warren meat box or permit installation of equipment, or make any of the payments provided for in said note and contract; and that under the option to mature the entire debt, it had elected to do so. On hearing of plea the trial court permitted introduction of the sales contract, note, and bill of sale to Warren meat box over objection that execution had not been proved by extrinsic evidence; and this court ruling is made the chief basis of complaint on appeal. Other testimony was from a Mr. Bownds, appellee's office manager and auditor, who stated that aforesaid written instruments had been received from the Houston office in connection with sale of the described merchandise and in due course of business. Defendant Reckaway was present at the trial but did not testify.

Paragraphs four and five of defendant's plea of privilege read as follows: "IV. Defendant denies that the promissory note, chattel mortgage, bill of sale set out and described in paragraphs 2 and 3 of plaintiff's original petition, and upon which said petition is founded, and which are charged to have been executed by the defendant, were or either of them were executed and delivered by him or under his authority in such a manner as to be effective and valid in law. V. Defendant denies the alleged consideration for the promissory note, chattel mortgage and bill of sale sued on by the plaintiff, and set out in paragraphs 2 and 3 of the plaintiff's original petition, and in this connection shows to the court that such instruments were executed and delivered with the distinct understanding and agreement by the plaintiff, plaintiff's agent and the defendant, that such instruments should never and would not become effective until defendant should thereafter order in writing the equipment described in paragraph 2 of plaintiff's petition, or defendant should accept delivery of said equipment so described; and that defendant has not since September 18th ordered said equipment in writing, nor has such equipment been tendered by delivery, nor has defendant accepted delivery of said equipment, and that such instruments and each of them are each and all without consideration."

█ It is appellant's contention that above sworn pleading constitutes specific denial of execution of the instruments sued upon; thereby fully complying with Rule 86, Texas Rules of Civil Procedure (Pleas of Privilege), which provides in part "that such plea shall not constitute a denial under oath of any allegations of plaintiff's petition required to be denied under oath by Rule 93 (instruments in writing) unless specifically alleged in such plea." The point, however, must be overruled. The quoted paragraphs of defendant's plea of privilege plainly admit execution of the instruments in question, with the condition attached, however, that same were not to be effective until defendant should either (1) thereafter order in writing the equipment described or (2) accept delivery of the same. Appellant could well have raised the issue of conditional delivery relative to aforesaid note, mortgage, and contract by appropriate testimony to that effect, thereby tending to establish an incomplete, rather than completed and binding obligation. However, the particular testimony does not appear. In such state of the record and where, as here, the instruments in suit are "no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved." Art. 5932, sec. 16, Vernon's Ann.St. (Negotiable instruments).

. █ Appellee in original petition pleaded substantially the basic terms of its note

and the contract of sale, not attaching a copy of same to the pleading; appellant making the further argument that petitioner was not entitled to stand on anything contained in the writings not expressly pled. Such petition not being excepted to for insufficiency, we do not think that defendant can now argue that he is not bound by all provisions of the instruments in suit, even though some of their terms and provisions may not have been specifically pleaded.

■ The further point is made that the note could not constitute an obligation performable in Dallas County because, from the face thereof, no payments were due thereon, until thirty days after installation of equipment, which installation, as plaintiff shows, was prevented by defendant. We regard the contention as more a matter for consideration on the merits of plaintiff's cause of action than one properly determinable on this, a venue hearing.

The order under review is in all respects affirmed.